## Miranda *v.* Fiol.

### Apelación procedente de la Corte de Distrito de San Juan, Sección 1ª.

No. 736.—Resuelto en febrero 16, 1912.

Acción de Daños y Perjuicios—Daños y Perjuicios Causados—Interpreta-
ción de la Palabra ''Causados.''—Así como en una acción de cobro de pesos
cuando se manda pagar la suma reclamada con intereses hasta el momento en
que se satisfaga, van incluídos intereses devengados después de·dictada la
sentencia, así también en una acción de daños y perjuicios por construcción
defectuosa de una casa, puede ordenarse que se paguen los alquileres que se
dejen de percibir hasta que los defectos se corrijan, sin que se infrinja por
ello el artículo 1068 del Código Civil, pues la palabra ''causados'' usada en
dicho artículo no debe interpretarse de manera tan restrictiva que impida
el que pueda hacerse tal pronunciamiento en la sentencia.

Id.—Incumplimiento de Obligación—Dolo, Negligencia o Morosidad.—Ha-
biendo apreciado el tribunal inferior de acuerdo con la prueba practicada
que el demandado contravino las disposiciones del contrato, no es necesario
investigar si dicho tribunal apreció o nó, la existencia de dolo, negligencia
o morosidad, para concluir que el demandado está obligado a indemnizar los
daños y perjuicios que realmente haya causado con su contravención, dentro
de las prescripciones del artículo 1068 del Código Civil Revisado.

ID.—DEFECTOS OCULTOS EN LA CONSTRUCCIÓN DE UNA CASA—ACEPTACIÓN DE LA
OBRA.—La aceptación de la obra por parte del dueño de una casa no puede
impedirle que reclame y recobre los daños y perjuicios a que tenga derecho
por virtud de defectos ocultos en la construcción de la misma.

ID.—INSPECCIÓN OCULAR—CONFORMIDAD DE AMBAS PARTES—RESULTADO DE LA
INSPECCIÓN.—Acordada la práctica de la prueba de inspección ocular con la
conformidad de las partes, no puede luego una de ellas oponerse a que se
declare sobre su resultado y a que la corte lo tenga en cuenta al fallar de-
finitivamente el caso. .

ID.—INCONGRUENCIA ACCIDENTAL.—No puede sostenerse que exista verdadera in-
congruencia entre las alegaciones y las pruebas, cuando la diferencia que se
observa es meramente en lo accidental y no en lo esencial.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Antonio Sarmiento.*

Abogado del apelado: *Sr. Eduardo Acuña.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del
tribunal.

El presente es un caso sobre indemnización de daños y per-
juicios por defectos en la construcción de una obra. En la
demanda se alega:

"Tercero. Que allá por el mes de marzo del corriente año, la de-
mandante y el demandado, concertaron y suscribieron un contrato
para la construcción de una casa en terrenos propiedad de la primera,
en el barrio de Santurce de esta ciudad; copia de cuyo contrato se
acompaña con esta demanda para que forme parte de ella.

"Cuarto. Que la demandante ha cumplido el dicho contrato en
todas sus partes, satisfaciendo al demandado todas las cantidades a
que venía obligada por razón del mismo.

"Quinto. Que en la construcción de la casa de referencia el de-
mandado no dió a la misma la cimentación necesaria, y por razón de
ello se han originado grietas que permiten la filtración del agua a
través de las paredes exteriores.

"Sexto. Que en la fabricación de los bloques con que se forman
dichas paredes, el dicho demandado no ha empleado los materiales
requeridos en las proporciones exigidas por la técnica; y tal circuns-
tancia hace que dichos bloques, lejos de ser de condición impermeables,
permiten el paso de las aguas de lluvia y se mantienen en constante
estado de filtración y humedad.

"Séptimo. Que de igual modo en los techos de dicha casa el de-
mandado ha empleado un ladrillo de solar de tan mala calidad, que
las aguas de lluvia se filtran a través de dichos techos.

"Octavo. Que los defectos de construcción apuntados, son de tal índole que hacen la casa en cuestión de todo punto inservible e inhabitable.

Noveno. Que con dicha viciosa e impropia construcción, la demandante ha sufrido perjuicios que estima en la cantidad de cuatro mil quinientos dollars."

El demandado contestó en la siguiente forma:

"1. Que niega los hechos expuestos bajo los números quinto, sexto, séptimo, octavo y noveno de la demanda.

"Como materia nueva alega asimismo:

"2. Que la demandante tiene aprobada parte por parte, así que se fué realizando, la obra a que la demanda se refiere.

"3. Que al término de la obra la demandante la recibió a su entera satisfacción.

"4. Que después, el tiempo ha denunciado en la obra realizada por el demandado, por virtud del contrato a que la demanda se refiere, pequeños defectos previstos e inevitables.

"5. Que el demandado ha estado siempre dispuesto, desde que la demandante le comunicó la existencia de esos defectos, a corregirlos por su cuenta a lo que se ha opuesto la demandante."

Celebrado el juicio, la corte dictó sentencia declarando que los hechos y la ley estaban a favor de la demandante y en contra del demandado, y ordenando que la primera recobrara del segundo la suma de 876 dollars "así como los alquileres de la casa de que se trata, a razón de treinta y cinco dollars por el mes de julio de mil novecientos diez y por los sucesivos o fracción de ellos, hasta que los pagos sean hechos, mas otros treinta y cinco dollars por otro mes que se empleará en las obras de reparación y las costas."

Para basar su sentencia, el juez de distrito, estableció las siguientes conclusiones de hecho.

"1ª. Que el techo que el demandado puso en la casa objeto de este pleito, que construyó para la señora demandante, no lo fué de acuerdo con el contrato de construcción, que preveía que fuera techo de azotea, por cuanto el techo que puso no puede estimarse como azotea, ni puede conceptuarse sólido ni apropiado para cubrir la casa. La mala con-

dición del techo no era aparente sino oculta, y sólo se conoció cuando durante el juicio y pocos días antes de él, fué roto para conocer su naturaleza.

"2ª. Que la mala calidad del techo puesto por el demandado, es la causa de que la casa se moje, que el piso se haya ondulado parcialmente y también de que las paredes o muros presenten señales de humedad.

"3ª. Que las filtraciones de agua producidas por tal clase de techo han impedido desde el mes de julio del 1910 hasta el presente, que la casa pudiera ser habitada y alquilada a razón de treinta y cinco dollars mensuales.

"4ª. Que la causa principal y necesaria de las grietas del techo y filtraciones de agua llovediza por ellas, ha sido la mala calidad del mismo y sólo ha sido coadyuvante el peso de regular número de personas sobre ese techo en los días de fiestas en el hipódromo.

"5ª. Que los bloques empleados en los muros de la casa son de los corrientes y usualmente empleados en esta ciudad y sus barrios para esa clase de construcciones.

"6ª. Que las grietas de los muros no son producidas por mala calidad de los bloques de que se hallan formados, sino en parte por asientos naturales de la edificación, pudiendo ser fácilmente corregidas, y en otra parte por alguna deficiencia de los cimientos.

"7ª Que los cimientos de la casa tienen profundidad necesaria y aun cuando en algunos sitios, por el lado este, tienen algún defecto de construcción, no es de tal importancia que afecte a la solidez del edificio, y puede ser corregido.

"8ª. Que todos los defectos apuntados pueden corregirse por un mes de trabajo y por la cantidad de ochocientos setenta y seis dollars que se estiman bastantes para poner la casa en las condiciones que debió entregarla el demandado y de ser habitable.

"9ª. La demandante Doña Belén Miranda Vda. de Orbeta no es persona experta en construcciones y cuando recibió la casa y mostró su conformidad con la obra, no la había hecho reconocer por personas peritas."

## Y las siguientes de derecho:

"Que siendo el defecto principal de la obra del demandante haber puesto a la casa un *techo aparentemente de azotea, pero que en realidad no lo es,* y siendo tal defecto de condición oculta, no puede perjudicar a la demandante la aceptación de la obra por su parte.

"Que los perjuicios originados a la demandante *por vicios de construcción oculta* en parte de los cimientos, y en la viciosa construcción del techo, hecho además en desacuerdo con el contrato, dan acción a aquélla por daños y perjuicios; y

"Que la casa en inhabitable mientras no sea reparada y puesta en condiciones de habitabilidad."

En su alegato, el apelante señala como cometidos por la corte inferior los siguientes errores:

1. Concede indemnización de daños y perjuicios no causados con infracción del artículo 1068 del Código Civil.

2. Admite que existen defectos indemnizables en la construcción de la casa, contra lo consignado en contrario en un documento escrito por la parte demandante y contra actos en ese mismo sentido de la misma parte. (Art. 101, Nos. 2 y 3 de la Ley de Evidencia.)

3. Tiene en cuenta prueba relativa a defectos de construcción de la azotea, distintos de los alegados en la demanda.

4. La sentencia es incongruente con los méritos del pleito. (Art. 198 Cód. Enj. Civil); y

5. Impone indemnización por daños y perjuicios, sin haber habido dolo, negligencia o morosidad en cumplimiento de las obligaciones que el apelante debía a la apelada. (Art. 1068 del Código Civil.)

Consideraremos el primero y el último de los errores alegados, ya que ambos envuelven la justa interpretación y la debida aplicación a este caso del artículo 1068 del Código Civil.

La corte sentenciadora llegó a la conclusión de que existían defectos en la construcción de una casa que el demandado fabricó para la demandante, defectos de tal naturaleza que la hacían inhabitable, y, en su consecuencia, ordenó que el demandado pagara a la demandante aquello que la corte estimó, a virtud de la prueba practicada, que tenía que invertirse en la corrección de los defectos y además las cantidades dejadas y que dejara de percibir la demandante por alquileres de la casa en cuestión.

El artículo 1068 invocado por el recurrente, dispone que "quedan sujetos a la indemnización de los daños y perjuicios causados, los que en el cumplimiento de sus obligaciones incurrieren en dolo, negligencia o morosidad, y los que de cualquier modo contravinieren al tenor de aquéllas."

. Alega el apelante que es contraria a dicho precepto de ley aquella parte de la sentencia que impone al demandado el deber de indemnizar a la demandante por los alquileres que deje de percibir después de la sentencia, ya que dichos daños no se habían *causado* cuando la dicha sentencia fué dictada.

Por regla general no pueden concederse más daños y perjuicios que los realmente causados, pero la palabra *causados* no debe interpretarse tan restrictivamente como pretende el apelante en un caso como el presente en que a virtud de la prueba practicada, se llega a la conclusión de que la casa de que se trata estaba inhabitable, y por lo tanto, improductiva para su dueña, mientras sus defectos de construcción no fueran corregidos. Este caso podría equipararse al de uno en cobro de pesos en que se manda pagar la suma reclamada con intereses hasta el momento en que se satisfaga. No puede decirse que todos los intereses se debían al dictarse la sentencia, y, sin embargo, se mandan pagar por la sentencia.

Y alega además el apelante, que se infringe también el expresado artículo 1068 porque la misma corte ha apreciado que no existe dolo, negligencia o morosidad y esto, no obstante concede la indemnización.

Sin que entremos a discutir si se ha demostrado o nó la existencia de dichos requisitos, diremos que aparece bien claro que la corte inferior apreció, y su apreciación está enteramente sostenida por la prueba, que el demandado contravino las disposiciones del contrato, ya que el contrato establecía que debía construir una casa de azotea y la puesta por el demandado lo es sólo en apariencia, pero no la que en realidad se conoce como tal en el país.

Y siendo esto así, su obligación de indemnizar es evidente, de acuerdo con lo prescrito en el citado artículo 1068 del Código Civil.

Veamos el segundo de los errores aducidos. Es bien cierto que de la prueba aparece que la demandante al recibir la obra del demandado, consignó por escrito que el demandado había cumplido en todas sus partes su contrato, pero como la prueba demostró además, y así lo apreció el juez sentenciador, que el defecto principal estaba en la construcción del techo y era oculto, la aceptación de la obra por parte de la demandante no puede impedirla que reclame y recobre los daños y perjuicios a que tenga derecho por virtud de tal defecto.

Consideraremos por último, el tercero y el cuarto de los errores señalados por el apelante.

Según puede verse en la demanda transcrita, el defecto en el techo se alegó en la siguiente forma: "Que de igual modo en los techos de dicha casa el demandado ha empleado un ladrillo de solar de tan mala calidad, que las aguas de lluvia se filtran a través de dichos techos."

Y se alega por el apelante, que fuera de los términos en que se planteó el debate, no debió admitirse prueba, y si se admitió no debió tenerse en cuenta al dictarse la sentencia, tanto más cuanto que el demandante no enmendó su demanda para conformarla con la prueba practicada.

Es bien cierto que se demostró que la filtración de las aguas no se debía a la mala calidad del ladrillo empleado en el techo, y que se admitió prueba para demostrar que debía haberse construído dicho techo colocando primero tabla, luego arena, después mortero de mala calidad y finalmente una sola capa de ladrillo; pero es bien cierto también que tal defecto oculto, pues la arena estaba entre la tabla y el ladrillo, se averiguó con motivo de una inspección acordada por la corte con la conformidad de las partes. Y si la parte demandada no se opuso a la inspección, no pudo oponerse luego a que se declarara sobre el resultado de ella y a que tal resultado se tuviera en cuenta por la corte al dictar su sentencia.

Visto el resultado de las pruebas y para cumplir mejor con las reglas del procedimiento, el demandante debió tal vez haber pedido permiso a la corte para enmendar su demanda conformándola estrictamente con las resultancias de la prueba, pero nosotros opinamos que si hubo error, no es de tal naturaleza que lleve consigo la revocación de la sentencia, ya que la alegación fundamental de la demanda con respecto al techo, es que se filtraba, y que por tanto, no respondía a los fines para los cuales debió construirse. (Sec. 142 del Código de Enjuiciamiento Civil.) El hecho de si tal filtración se debía a la mala calidad del ladrillo empleado, o la mala construcción en general del techo, es puramente accidental.

Por más que el apelante consigna en su alegato que no impugna la apreciación de la prueba hecha por la corte sentenciadora, hemos estudiado cuidadosamente dicha prueba y hemos llegado a la conclusión de que sostiene ampliamente la sentencia. La corte inferior fijó la cuantía de la indemnización tomando por base, no las declaraciones de los peritos de la demandante que la hacían ascender a unos cuatro mil pesos, sino la de uno de los peritos del propio demandado.

Habiendo, pues, llegado a la conclusión de que no se han cometido los errores señalados y atendidas todas las circunstancias del caso, opinamos que debe declararse sin lugar el recurso interpuesto y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados MacLeary, Wolf y Aldrey.