R. R. Pesquera & Co., Demandante y Apelante, *v.* Mari Hermanos, Demandados y Apelados.

Apelación procedente de la Corte de Distrito de Mayagüez en causa sobre daños y perjuicios.

No. 1420.—Resuelto en marzo 28, 1916.

Daños y Perjuicios—Venta Sobre Muestras—Peritos—Pago del Precio—Falta en el Cumplimiento del Contrato.—Cuando no se trata de si el comprador no puede rehusar el recibo de los géneros contratados por estar conformes con la muestra o de si por negarse a recibirlos han de nombrarse peritos que decidan si son o no de recibo, sino de una indemnización de daños y perjuicios por haber el vendedor faltado al cumplimiento de la condición voluntariamente convenida y aceptada, o sea, por no haber enviado al consignatario los géneros en la cantidad, calidad y forma convenidas, habiendo el comprador pagado el precio bajo la creencia de que el vendedor había cumplido por su parte las condiciones del contrato, no es de aplicación el artículo 327 del Código de Comercio.

Contratos Mercantiles—Buena Fe—Voluntad de los Contratantes—Obligaciones.—Los contratos mercantiles según el artículo 57 del Código de Comercio, deben ejecutarse y cumplirse de buena fe según los términos en que fueren hechos y no cabe restringir los efectos que naturalmente se deriven del modo con que los contratantes hubieren explicado su voluntad y contraído sus obligaciones.

Daños y Perjuicios—Incumplimiento del Contrato por el Vendedor—Negociaciones Civiles y Mercantiles.—Si el vendedor deja de cumplir el contrato celebrado con el comprador, queda sujeto a las consecuencias del incumplimiento o sea la indemnización de daños y perjuicios causados con arreglo al artículo 1063 del Código Civil, aplicable a las negociaciones así civiles como mercantiles.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. José L. Pesquera.*

Abogado de los apelados: *Sr. Alfredo Arnaldo Sevilla.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

El presente es un recurso de apelación interpuesto por la parte demandante contra sentencia que en 22 de septiembre de 1915 dictó la Corte de Distrito de Mayagüez declarando sin lugar la demanda por falta de hechos que determinen una causa de acción, y ordenando en su consecuencia el sobreseimiento y archivo del caso con las costas, gastos, desembolsos y honorarios de abogado a cargo del demandante.

La demanda, presentada ante la Corte de Distrito de San Juan, Sección 2ª., la que ordenó el traslado del caso a la Corte de Distrito de Mayagüez, dice así:

"Comparecen ante esta Hon. Corte, R. R. Pesquera & Co., representados por José L. Pesquera Dávila, su abogado, y deducen ésta su demanda contra Mari Hermanos, estableciendo, como causa de acción, los hechos siguientes:

"1º. Los demandantes son una sociedad colectiva, dedicada al negocio de comisiones en general y a la compraventa de artículos manufacturados y provisiones, debidamente inscrita en el registro mercantil, siendo su oficina principal en la ciudad de San Juan, P. R.; los demandados son una sociedad agrícola e industrial que explota una finca rústica en San Germán, P. R., en la cual se dedican, entre otras cosas, a la extracción de miel de abejas para la venta y exportación; y ambas partes tienen la capacidad legal necesaria para demandar y ser demandadas.

"2º. En el mes de julio del corriente año, y con anterioridad al día 28 del propio mes, los demandantes compraron a los demandados veinte y cinco (25) cuarterolas o barriles de miel de abejas, conteniendo mil trescientos veinte y un (1321) galones, al precio de cuarenta y seis (46 ctvs.) centavos por cada galón, habiendo servido de base para esta operación una muestra de dicho producto, en perfecto estado de pureza, que había sido suministrada por los demandados a los demandantes, y aceptada por éstos, el día 9 del expresado mes de julio.

"3º. Fué condición expresa de dicho contrato que los demandados embarcarían en Mayagüez, P. R., durante la segunda quincena del

repetido mes, miel de abejas en la cantidad y calidad convenidas, a la consignación de los Señores Lispenard, Ewing & Co., 135 Broadway, New York City, en envases o barriles nuevos, debiendo devolver los demandantes dichos envases o barriles, o, en su defecto, la suma de dos ($2.25) dollars veinte y cinco centavos por cada barril que no pudieran devolver.

"4º. Faltando al cumplimiento de la condición a que nos acabamos de referir, los demandados embarcaron, en el puerto y a la consignación expresados, y por vapor 'Bayamón' de la 'A. H. Bull Steamship Co.,' mil trescientos veinte y un (1,321) galones de miel de abejas fermentada y en barriles viejos, el día 28 de julio expresado.

"5º. El mismo día 28 de julio los demandados giraron contra los demandantes, y a la orden del Banco Comercial de Puerto Rico, su letra Nro. 2240, por la suma de seiscientos diez ($610.76) dollars setenta y seis centavos; y esta suma fué satisfecha oportunamente, a saber, el día 6 de agosto siguiente, bajo la fe de que los demandados habían cumplido su obligación haciendo el embarque como se había convenido.

"6º. Los demandantes, por conducto de sus corresponsales en New York, Sres. Lispenard, Ewing & Co., tenían vendida la expresada cantidad de miel y esta venta reportaba a dichos demandantes un beneficio de dos (2 ctvs.) centavos por cada galón; mas, debido a la falta de cumplimiento del contrato con los demandados, por parte de éstos, no solamente no pudieron conseguir los demandantes que los compradores aceptaran dicho artículo, sino que, después de muchos esfuerzos y diligencias, sólo pudieron colocarlo al precio de veinte y cinco (25 ctvs.) centavos galón, sufriendo, además, las pérdidas consiguientes de flete, acarretos, comunicaciones cablegráficas, etc., ascendiendo dichas pérdidas materiales a la suma de quinientos ($500) dollars por lo menos.

"7º. Alegan, además, los demandantes que ellos son una firma social que está realizando ahora sus primeros negocios y no tienen todavía bien cimentado su crédito, necesitando más que nunca que sus operaciones resulten completamente limpias y honradas; y, debido a la sustitución hecha por los demandados de miel pura por miel fermentada, dichos demandantes han sido mal calificados por algunos comerciantes de New York y se encuentran hoy desacreditados en aquel mercado.

"8º. El total de perjuicios ocasionados por los demandados a los demandantes no puede estimarse en una suma menos de dos mil quinientos ($2,500) dollars.

"Por tanto, suplican dichos demandantes a la corte que, en su día, previos los trámites legales, dicte una sentencia a su favor y contra los demandados, condenando a éstos a pagar a aquéllos la suma de dos mil quinientos ($2,500) dollars, por los perjuicios en que les han hecho incurrir, así como también les condene a pagar las costas que este pleito origine y los honorarios de abogado.

"Bayamón para San Juan, 3, octubre, 1914.     José L. Pesquera, abogado de los demandantes."

La corte inferior en su opinión establece la siguiente conclusión como base de la sentencia apelada:

"La venta de miel de que se trata es un contrato mercantil y, por lo tanto, debe regirse por lo preceptuado en el Código de Comercio vigente en Puerto Rico, y con arreglo a lo dispuesto en el artículo 327 de dicho código, la parte demandante, antes de recibir la cosa vendida ha debido comprobar si la misma era de igual calidad a la muestra presentada por el vendedor, y si no era de la misma calidad han debido rehusarla, puesto que después de recibida y vendida a terceras personas no podía comprobarse si era o nó igual a la muestra presentada por el vendedor, y el hecho de disponer de la cosa vendida implica aceptación y consumación del contrato, por lo que estima la corte que los demandantes no tienen derecho a los daños y perjuicios que reclaman en su demanda."

Alega la parte apelante que el artículo 327 del Código de Comercio no es de aplicación al presente caso en que se reclaman daños y perjuicios que los demandados causaron a los demandantes por haber embarcado, a espaldas de éstos y tomando ventaja de la confianza y buena fe de los mismos, miel fermentada en vez de miel pura.

El artículo 327 del Código de Comercio, sobre cuyo sentido y alcance es que únicamente gira el presente recurso, dice así:

"Art. 327.—Si la venta se hiciere sobre muestras ó determinando calidad conocida en el comercio, el comprador no podrá rehusar el recibo de los géneros contratados, si fueren conformes a las muestras o a la calidad prefijada en el contrato.

"En el caso de que el comprador se negare a recibirlos, se nombrarán peritos por ambas partes, que decidirán si los géneros son o nó de recibo.

"Si los peritos declarasen ser de recibo, se estimará consumada la venta, y en el caso contrario, se rescindirá el contrato, sin perjuicio de la indemnización a que tenga derecho el comprador."

Ahora bien, las alegaciones de la demanda que hemos de aceptar como ciertas para apreciar si falta o nó causa de acción, muestran la existencia de un contrato de compraventa de miel de abejas bajo muestra, con la que estuvo conforme el comprador demandante, sin que el vendedor demandado hubiera enviado la miel a New York en los términos convenidos, es decir, pura según la muestra y en envases nuevos, sino fermentada y en envases viejos, habiendo pagado el comprador su precio bajo la creencia de que el vendedor había cumplido por su parte las condiciones del contrato celebrado. Esa es, en síntesis, la razón fundamental de la indemnización de daños y perjuicios que se reclama.

No se trata de si el comprador no puede rehusar el recibo de la miel contratada por estar conforme con la muestra o de si por negarse a recibirla han de nombrarse peritos que decidan si la miel es o nó de recibo. La miel ha sido recibida por el comprador o por representante suyo en New York, y nadie pretende que se siga aquél procedimiento, cuya omisión no puede privar al demandante del derecho que reclama.

Vendedor y comprador, según los hechos de la demanda, celebraron el contrato bajo la condición expresa de que la sociedad demandada embarcaría en Mayagüez la miel de abejas en la cantidad y calidad convenidas a la consignación de Lispenard, Ewing & Co., en envases o barriles nuevos y lejos de hacerlo así, embarcó miel de abejas fermentada y en barriles viejos, faltando al cumplimiento de la condición voluntariamente convenida y aceptada, con lo cual causó a la parte demandante los daños y perjuicios que alega en su demanda.

Los contratos mercantiles, según el artículo 57 del Código de Comercio, deben ejecutarse y cumplirse de buena fe según los términos en que fueron hechos, y no cabe restringir los efectos que naturalmente se deriven del modo con que los

contratantes hubieren explicado su voluntad y contraído sus obligaciones.

La sociedad Mari Hermanos dejó de cumplir el contrato celebrado con R. R. Pesquera y Compañía, y está sujeta a los consecuencias del incumplimiento, o sea, la indemnización de daños y perjuicios causados, con arreglo al artículo 1068 del Código Civil aplicable a las negociaciones así civiles como mercantiles, según el cual quedan sujetos a la indemnización de los daños y perjuicios causados los que en el cumplimiento de sus obligaciones incurrieren en dolo, negligencia o morosidad, y los que de cualquier modo contravinieren al tenor de aquéllas.

Por las razones expuestas es de revocarse la sentencia apelada.

*Revocada la sentencia apelada, ordenándose a la corte inferior continúe el juicio de acuerdo con la ley.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.