EDUARDO LUGO FALCÓN, demandante y recurrente, *v.* E. M. AMY & SONS, INC., demandada y recurrida.

*Número:* 420      *Resuelto:* 1 de marzo de 1963

*G. R. Padró Díaz*, abogado del recurrente; *F. J. Pérez Almiroty*, abogado de la recurrida.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR SANTANA BECERRA emitió la opinión del Tribunal.

En 26 de agosto de 1960 el demandante interpuso demanda contra la demandada E. M. Amy & Sons., Inc., en la que alegó que el 16 de agosto de 1955 había comprado a la demandada herrajes para particiones, comprometiéndose ésta a hacer entrega de los mismos en el término de 90 días; que en violación del contrato la demandada entregó dichos herrajes en marzo de 1956; que los herrajes se compraron para ser usados en el Centro Comunal del Caserío San José, un proyecto de la Autoridad sobre Hogares de Puerto Rico que construia el demandante; que debido a la tardanza en la entrega del material por parte de la demandada el demandante no pudo hacer entrega de dicho Centro Comunal en el término estipulado para su construcción en el contrato con la Autoridad sobre Hogares y por tal motivo sufrió daños de la siguiente manera: (1) Por la tardanza en la entrega de la obra le fue impuesta una multa de $3,650; (2) Gastos de celador por dicha tardanza, $1,600; (3) Por dicha tardanza en la entrega la Autoridad retuvo la liquidación del proyecto, viéndose el demandante imposibilitado de pagar a sus acreedores de acuerdo con sus obligaciones, lo que motivó

que le embargaran causándole daños por razón de incomodidades, angustias mentales y pérdida de crédito en el monto
de $100,000.

Contra la referida demanda la demandada interpuso una
moción para desestimar alegando que aquélla no exponía hechos suficientes para justificar la concesión de un remedio y
que la causa de acción ejercitada estaba prescrita de acuerdo
con lo dispuesto en el Art. 1868, inciso 2do. del Código Civil
de Puerto Rico, ed. 1930.

En 27 de octubre de 1960 la Sala sentenciadora dictó sentencia declarando sin lugar la demanda basada en la siguiente
Resolución sobre la moción para desestimar:

"A la vista de la moción para desestimar solamente compareció la parte demandada. La acción que intenta ejercitar el
demandante está prescrita, bien a la luz del Artículo 948 del
Código de Comercio (10 L.P.R.A. 1910), o bajo el Artículo 1868
del Código Civil (31 L.P.R.A. 5298)".

Acordamos revisar el fallo. El único problema a considerar
es si esta acción estaba prescrita a tenor de algún término
legal de prescripción extintiva de la misma, ya que al pleito
no han venido otros ingredientes de hecho.

Asumimos y aceptamos, sin que la disposición de este
caso demande que lo resolvamos ahora categóricamente, que
ésta podía ser una compraventa mercantil. No siendo ello
imprescindible para resolver este caso, no entraremos en el
debatido y complejo problema, más difícil de lo que aparenta
ser, según la doctrina, de determinar cuándo una compraventa es mercantil y cuándo es civil, particularmente, cuando
pudiere ser el caso de una transacción "unilateralmente mercantil", así reconocida, mercantil para uno de los contratantes y civil para el otro. Véanse Arts. 243 y 244 del Código de Comercio, ed. 1932 ([1])

---

([1]) Lo disputable del problema de la compraventa mercantil o civil lo
analiza y expone en forma clara el profesor de Granada Emilio Langle
y Rubio con acopio de criterios de otros tratadistas y autoridades, a las
páginas 127-152 del Tomo III de su *Manual de Derecho Mercantil Español*,

■ Partiendo del supuesto de una compraventa mercantil, veamos el problema. El Art. 92 del Código no reconoce término de gracia alguno para el cumplimiento de una obligación mercantil que el pactado o el dispuesto por ley; y el Art. 94 estatuye que la *morosidad* en el cumplimiento de las obligaciones mercantiles comienza en los contratos que tienen día señalado para su cumplimiento, *por voluntad de las partes*, o por ley, al día siguiente de su vencimiento. Acorde con los anteriores preceptos, dispone el 247 que si el vendedor no entregare en el plazo estipulado los efectos vendidos, podrá el comprador pedir el cumplimiento o la rescisión del contrato, con indemnización, en uno y otro caso, de los perjuicios que se le hayan irrogado por la tardanza. [2] Si se entendiera que este artículo no le da una acción, el demandante la tendría bajo las disposiciones del Código Civil, en virtud de lo dispuesto en el Art. 2 del Código de Comercio —"Los actos de comercio, sean o no comerciantes los que los ejecuten, y estén o no especificados en este Código, se regirán por las disposiciones contenidas en él; *y en su defecto*, por los usos del comercio . . . . y a falta de ambas reglas, por las del derecho común"; y por lo estatuido en el Art. 12 del propio Código Civil—"En las materias que se rijan por leyes especiales, la deficiencia de éstas se suplirá por las disposiciones de este Código."

El Art. 1350 del Código Civil *obliga* al vendedor a la entrega de la cosa objeto de la venta, y el 1054 dispone que quedan sujetos a la *indemnización* de los daños y perjuicios causados, los que en el cumplimiento de sus obligaciones incurrieren en dolo, negligencia *o morosidad*, y los que de

---

(1959). Y véanse: González de Echévarri, *Comentarios al Código de Comercio*, Tomo I, págs. 244-260 (3ra. ed.) ; Tomo III, págs. 435-439; Antonio Polo, *Leyes Mercantiles y Económicas*, Tomo II, págs. 1386-1440; Lorenzo Benito, *Manual de Derecho Mercantil*, Tomo II, págs. 279-320, 3ra. ed.

[2] En este caso el demandante no demandó por el cumplimiento específico después de la mora y antes de la entrega, pero aparentemente ello no le impediría la acción de daños, según Sentencia del Tribunal Supremo de España de 2 de junio de 1927.

cualquier modo contravinieren el tenor de aquéllas. Véase: *R. R. Pesquera y Co.* v. *Mari Hermanos*, 23 D.P.R. 637, en donde sostuvimos que este artículo se aplica lo mismo a una negociación civil como a una mercantil. Cfr: *Miranda* v. *Fiol*, 18 D.P.R. 65; *Hoffman* v. *Cuadrado*, 14 D.P.R. 590. Es igualmente aplicable el Art. 1053 (2).

▮▮▮▮ Clara la existencia de una causa de acción del demandante para pedir daños por el incumplimiento del contrato y tardanza en la entrega de los herrajes, ya se considere aplicable el Art. 247 del Código de Comercio o bajo las reglas suplementarias del Código Civil, procede determinar si la que se ejercitó en este caso estaba prescrita. La Sala sentenciadora aplicó en la alternativa los Arts. 948 del Código de Comercio bajo el título referente a las prescripciones mercantiles, y 1868 del Código Civil. En lo que respecta al primero, hubiéramos deseado tener el beneficio del criterio de la Sala en cuanto a la aplicación de este artículo ya que el mismo dispone una prescripción de un año para las acciones "nacidas de servicios, obras, provisiones y suministros de efectos o dinero, *para construir, reparar, pertrechar o avituallar los buques, o mantener la tripulación*", año éste que se cuenta desde la entrega de los efectos y dinero o de los plazos estipulados para su pago, y desde la prestación de los servicios o trabajos, si éstos no estuviesen contratados por tiempo o *viaje* determinados. (Subrayado nuestro.) Si lo estuviesen la prescripción cuenta desde el término *del viaje* o del contrato que les fuere referente, y si hubiera interrupción, desde la cesión definitiva del servicio. El inciso (2) de este mismo artículo da igual prescripción de un año para la acción sobre "entrega del cargamento *en los transportes terrestres o marítimos* o sobre indemnización por sus retrasos y daños sufridos en los objetos transportados", contando el plazo desde el día de la entrega del cargamento o del en que debía verificarse; y el inciso (3) versa sobre las acciones por "gastos de la venta judicial de los buques,

cargamentos o efectos transportados por mar o tierra", y de su custodia, depósito y conservación y los derechos de navegación y de puerto, pilotaje, socorros, auxilios y salvamentos, contándose el plazo desde que los gastos se hubieren hecho y prestado los auxilios o desde la terminación del expediente, si se hubiere formalizado sobre el caso. Por su propio lenguaje este artículo se hace inaplicable a situaciones fuera de su propio contexto. En las autoridades revisadas no hemos encontrado criterio alguno que permita hacer extensivo este artículo a una transacción como la aquí envuelta.

■ No aparece en el Código de Comercio disposición alguna fijando un término prescriptivo para la acción que autoriza su Art. 247. Asumiendo la aplicación de este precepto, hay que atenerse entonces a lo que dispone el Art. 940 del propio Cuerpo:—"Las acciones que en virtud de este Código no tengan un plazo determinado para deducirse en juicio, se regirán por las disposiciones del derecho común." Vemos, por consiguiente, que ya se considere el pleito a base de una transacción mercantil o de una civil, necesariamente hay que resolver el problema acudiendo a las disposiciones del Código Civil relativas a la prescripción de las acciones.

■ La Sala sentenciadora descansó en defecto del Art. 948 del Código de Comercio que ya dijimos no tiene aplicación, en el 1868 del Código Civil. Según este artículo, prescribe por el transcurso de un año . . . . (2) la acción para exigir la responsabilidad civil por injuria o calumnia, y por las obligaciones derivadas de la culpa o negligencia de que se trata en el *Art. 1802* desde que lo supo el agraviado. El Art. 1802 trata de la culpa Aquiliana o *extra-contractual*, del cuasi-delito español. Véase Art. 1046. Nuestras decisiones tienen ya carácter axiomático, y así también la doctrina, en el sentido de que la responsabilidad que surge de la culpa o negligencia a que se refiere este Art. 1802

no permite antecedente contractual. Siendo la acción que aquí se interpuso una nacida del incumplimiento de una obligación contractual, ella no surge en virtud del Art. 1802 y no es aplicable, por lo tanto, la prescripción de un año fijada en el Art. 1868 para las de ese artículo. Sería prolijo anotar nuestras decisiones a ese efecto. Igualmente, hemos determinado que las acciones de daño surgidas de una previa relación contractual no tienen término específico de prescripción, por lo que se les aplica la prescripción general de 15 años determinada en el Art. 1864 del Código Civil. Cualquiera que fuera el momento apropiado para comenzar a contar ese término, es obvio que la de este caso, comenzada 5 años después del contrato, no estaba prescrita.

*Se revocará la sentencia recurrida y se devolverán los autos a la Sala sentenciadora para que continúe los procedimientos hasta una decisión final del caso en los méritos, o para cualquier otra disposición del mismo compatible con esta opinión.*